IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THE FLORIDA SENATE,

    Plaintiff,

v.                                                          CASE NO. 4:18cv465-RH/CAS

THE UNITED STATES OF AMERICA
et al.,

    Defendants.

_____/

**ORDER CANCELING THE HEARING**
**PENDING JURISDICTIONAL BRIEFING**

      The Florida Senate has moved to preliminarily enjoin proceedings before the Equal Employment Opportunity Commission alleging sexual harassment of a Senate employee by a Senator. The Government Employee Rights Act ("GERA") authorizes such proceedings, but the Senate contends the Act is unconstitutional in relevant respects. The motion for a preliminary injunction has been briefed and was set for oral argument on November 8. An order entered earlier today canceled the hearing. This order explains the cancelation and sets a deadline for additional briefing on jurisdiction.

GERA provides for judicial review of an EEOC "final order" under "chapter 158 of Title 28." 42 U.S.C. § 2000e-16c(c). That chapter provides for review of a "final order" of an "agency" in the "court of appeals wherein venue lies." 28 U.S.C. § 2344. For this purpose, GERA explicitly provides that the EEOC is an "agency." 42 U.S.C. § 2000e-16c(c). Under these provisions, review of any EEOC final order against the Florida Senate apparently will lie only in the appropriate court of appeals, not in a district court.

In their preliminary-injunction briefing, the parties have not addressed whether, based on these provisions, any attempt to block the EEOC proceedings must be brought in an appropriate court of appeals, not in a district court. *See Alaska v. EEOC*, 564 F.3d 1062 (9th Cir. 2009) (en banc); 16 Charles A. Wright & Arthur Miller, *Federal Practice & Procedure* § 3943 (3d ed.) (Sept. 2018 update) ("It is better to have only one review system for a single order, and the court of appeals is preferred because of its usual primacy and because there is seldom any good reason to provide an initial review in the district court followed by duplicating review on appeal to the court of appeals."). Authorities that are binding on a district court in this circuit and may bear on this issue include *Elgin v. Department of Treasury*, 567 U.S. 1 (2012), and *Hill v. SEC*, 825 F.3d 1236 (11th Cir. 2016). *See also George Kabeller, Inc. v. Busey*, 999 F.2d 1417 (11th Cir. 1993); *Fort Worth Nat'l Corp. v. Fed. Sav. & Loan Ins. Corp.*, 469 F.2d 47 (5th

Cir. 1972). This order expresses no view on the jurisdictional issue or the import of these and other authorities, instead providing only for briefing so that each side may be heard.

IT IS ORDERED:

1. The oral argument previously scheduled for November 8 is canceled.

2. The parties may confer on the schedule for briefing and oral argument on the jurisdictional issue. If they agree on the schedule, they may file a report of their agreement by November 16. If the parties do not agree on the schedule, then by November 21, each party must file a brief addressing jurisdiction, and by a separate notice, the clerk must set an oral argument for the first available date on or after November 28.

SO ORDERED on November 6, 2018.

s/Robert L. Hinkle<br>United States District Judge